UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER ANTONIO M.S.,[1]<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 2:26-cv-01134-TLN-AC<br>A# 213-163-048<br>**ORDER** |

This matter is before the Court on Petitioner Walter Antonio M.S.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondents filed an omnibus response and motion to dismiss. (ECF No. 11.) Petitioner replied. (ECF No. 17.) For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of Petitioner's challenge to his prolonged civil immigration detention. (ECF No. 1.) Petitioner has now been detained for over 13 months following a final order of removal. (ECF No. 11-2; ECF No. 17 at 5.) On June 6, 2025, the U.S. Department of Homeland Security ("DHS") detained Petitioner after a traffic stop and reinstated his 2019 order of removal. (ECF Nos. 11-1, 11-2; ECF No. 17 at 5.) Petitioner claimed a fear of returning to his home country and an immigration judge, finding Petitioner had "established a reasonable possibility" of persecution or torture, placed Petitioner in "withholding-only" proceedings. (ECF No. 11-5.) On October 15, 2025, an immigration judge denied Petitioner's applications for withholding of removal and deferral of removal. (ECF No. 11-6.) Petitioner appealed the decision to the Board of Immigration Appeals and the case was dismissed on June 16, 2026.[2] (ECF No. 11-7.) Petitioner has since appealed to the Ninth Circuit.[3] *Maye-Sosa v. Blanche*, No. 26-3503 (9th Cir.). On June 1, 2026, the Ninth Circuit issued a stay of Petitioner's removal order, which is currently in effect. *Id*.

During his detention, Petitioner received a bond hearing. (ECF No. 11-8.) On January 26, 2026, an immigration judge denied bond after finding Petitioner was a flight risk.[4] (*Id*.) The immigration judge did not find Petitioner to be a danger. (ECF No. 11-8.) Indeed, there is no criminal history for Petitioner in the record before this Court, nor was any criminal history presented to the immigration court. (*See id*.)

Petitioner now challenges the constitutionality of his civil detention. (ECF No. 1.)

---

[2] *See* Automated Case Information, U.S. Department of Justice, Executive Office for Immigration Review ("EOIR"), https://acis.eoir.justice.gov/en/caseInformation.

[3] The Court takes judicial notice of the Ninth Circuit's docket for Petitioner's appeal (*Maye-Sosa v. Blanche*, No. 26-3503 (9th Cir.)) and EOIR's immigration court docket for Petitioner (*supra* note 2). Fed. R. Civ. P. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (taking judicial notice of information online "made publicly available by government entities").

[4] Petitioner has also appealed that ruling. (ECF No. 11-9.)

## II. STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner claims his prolonged detention violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 16.) The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id*. at 693–94.

Respondents claim Petitioner is subject to continued detention under 8 U.S.C. § 1231(a)(6) and there is no due process violation while his removal order is judicially stayed.[5]

---

[5] Respondents also contend that this Court does not have jurisdiction to review Petitioner's custody because Petitioner's claim is based on the government's execution of his reinstated order of removal. (ECF No. 11 at 3 (citing 8 U.S.C. § 1252(g)).) As Petitioner points out on reply, he does not challenge the government's discretionary decision to execute his removal order, rather he challenges the constitutionality of his current confinement. (ECF No. 17 at 5.) Thus, 8 U.S.C. § 1252(g) does not strip this Court of jurisdiction over Petitioner's claims. *See Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) (instructing § 1252(g) must be read "narrowly" and applies only to "actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders.").

(ECF No. 11 at 4.) The Court first addresses Respondents' arguments as to statutory detention authority before assessing Petitioner's constitutional claim under *Zadvydas v. Davis*.

A. Post-Removal-Period Statutory Authority

Respondents claim Petitioner's detention is mandatory[6] under 8 U.S.C. § 1231(a)(6), but contend that *Zadvydas v. Davis* does not control here because Petitioner's removal order is stayed, preventing him from entering the "post-removal period." (ECF No. 11 at 4–5.)

Section 1231(a) governs detention of noncitizens with a final order of removal and "applies to individuals with pending withholding-only proceedings." *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022) (citing *Johnson v. Guzman Chavez*, 594 U.S. 523, 547 (2021)). Under § 1231(a), once a removal order is final, the government must "remove the [noncitizen] from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). During the initial 90-day removal period, the government shall detain the noncitizen. 8 U.S.C. § 1231(a)(2). Beyond removal period, under § 1231(a)(6), certain noncitizens may continue to be detained, including "[noncitizens] who have been ordered removed, namely, inadmissible [noncitizens], criminal [noncitizens], [noncitizens] who have violated their nonimmigrant status conditions, and [noncitizens] removable for certain national security or foreign relations reasons, as well as any [noncitizen] 'who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal.'" *Zadvydas*, 533 U.S. at 688 (citing § 1231(a)(6)).

However, even if continued detention is permissible under § 1231(a)(6), the government may not detain a noncitizen indefinitely, it may only detain a noncitizen for a "period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Id.* at 689. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

---

[6] The Court rejects Respondents' claim that detention is mandatory. By the plain language of the statute, detention is permissive rather than mandatory. 8 U.S.C. § 1231(a)(6) (a noncitizen who falls in one of the enumerated categories "may" be detained beyond the removal period or may be released). Respondents provide no further explanation or authority as to why detention under 8 U.S.C. § 1231(a)(6) would be mandatory for Petitioner.

Here, Petitioner is subject to a final order of removal. (ECF No. 11-1.) Separately, he is also pursuing an appeal of his withholding only proceedings, a process that determines whether he may be removed to his country of citizenship. *Maye-Sosa v. Blanche*, No. 26-3503 (9th Cir.). Thus, the Court agrees with Respondents that the applicable statutory authority for Petitioner's detention is 8 U.S.C. § 1231(a)(6).[7] *See Arteaga-Martinez*, 596 U.S. at 578 ("§ 1231(a) applies to individuals with pending withholding-only proceedings").

Despite the application of § 1231(a)(6), Respondents next argue that *Zadvydas* does not control in this case because Petitioner has not yet entered the "post-removal period" in light of the Ninth Circuit's temporary stay of his removal. (ECF No. 11 at 4 (citing to *Guzman Chavez*, 594 U.S. at 529).) According to *Zadvydas*, § 1231(a)(6) is "the post-removal-period statute." 533 U.S. at 683. Respondents provide no applicable authority, and this Court can find none, for the proposition that Petitioner is in some suspended or indefinite status where § 1231(a)(6) applies but *Zadvydas* does not.

Indeed, in *Guzman Chavez*, the very case on which Respondents rely, the Supreme Court rejected the argument that noncitizens in withholding-only proceedings do not enter the post-removal period. 594 U.S. 523. There, the noncitizens argued that a final order of removal should lose its "final" status pending the outcome of their withholding-only proceedings and § 1231(a) should not govern their detention. *Id.* at 535–39. The Court found that argument "misunderstand[s] the nature of withholding-only proceedings." *Id.* at 535. The Court explained withholding relief is particular to a certain country and does not change the noncitizens' status as removable from the United States. *Id.* at 536–37. Therefore, even in ongoing withholding-only proceedings, an order of removal is still final and § 1231(a) governs. *Id.* The Court also acknowledged the agreement of this holding in *Guzman Chavez* with *Zadvydas*. *Id.* at 538.

Therefore, the Court finds 8 U.S.C. § 1231(a)(6) applies to Petitioner's detention in the post-removal period and *Zadvydas* controls.

---

[7] Petitioner's order of removal states he is inadmissible under 8 U.S.C. § 1182 (ECF No. 11-1), one of the enumerated categories of noncitizens eligible for continued discretionary detention. *See* 8 U.S.C. § 1231(a)(6).

B. Whether Continued Detention is Lawful Under *Zadvydas*

In *Zadvydas*, the Supreme Court considered prolonged immigration detention following a final order of removal under § 1231(a)(6). 533 U.S. 678. The government does not have unfettered discretion to detain noncitizens indefinitely; the government's detention authority is limited to a "period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Id.* at 689. The government loses their detention authority "once removal is no longer reasonably foreseeable." *Id.* at 699.

The Court established a presumptively reasonable period of detention for six months post-final order of removal. *Id.* at 701. After the six-month period, the *Zadvydas* Court established a burden-shifting framework: "once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the [g]overnment must respond with evidence sufficient to rebut that showing." *Id.* Additionally, "for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

Here, Petitioner has been detained for over 13 months post final order of removal. (ECF No. 11-2; ECF No. 17 at 5.) The *Zadvydas* presumptive period has long since passed. Petitioner argues there is no significant likelihood of his removal in the reasonably foreseeable future due to his pending appeal, which could take several months to years to resolve. (ECF No. 1 at 13; ECF No. 17 at 18.) Judges across this district routinely find that ongoing withholding-only proceedings establish good reason to believe there is no significant likelihood of a petitioner's removal in the reasonably foreseeable future. *See Varela v. Warden, Golden State Det. Facility*, No. 1:26-CV-1869-DJC-CKD, 2026 WL 1158202, at *2 (E.D. Cal. Apr. 29, 2026), *report and recommendation adopted*, 2026 WL 1257828 (E.D. Cal. May 7, 2026); *Rodriguez v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-00694-DAD-CKD, 2026 WL 770527, at *3 (E.D. Cal. Mar. 18, 2026); *Asfestani v. Current or Acting Field Office*, No. 1:25-cv-01562-SCR, 2025 WL 3677321, at *5 (E.D. Cal. Dec. 18, 2025). This Court agrees. Petitioner's proceedings could continue for many months and, as Respondents acknowledge, the government cannot remove him while his removal order is stayed. (ECF No. 11 at 4.) Thus, Petitioner has shown his removal is

not significantly likely in the reasonably foreseeable future.

Respondents do not rebut Petitioner's showing and they appear to agree: "the government cannot even attempt to remove Petitioner under his reinstated final order of removal because that order has been stayed." (ECF No. 11 at 4.) Respondents do not make any further argument as to reasonable foreseeability of Petitioner's removal. (*See generally* ECF No. 11.)

Absent a finding that Petitioner's removal is reasonably foreseeable, the Court must find Petitioner's detention is no longer authorized under § 1231(a)(6). *See Zadvydas*, 533 U.S. at 701 ("once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute.").

Petitioner's bond hearing does not cure Respondents' *Zadvydas* violation or alter this Court's findings. Petitioner challenges the constitutional adequacy of the bond hearing (ECF No. 17 at 9–13), but because Respondents do not have authority to continue to detain Petitioner, the bond hearing is of no consequence. However, the Court notes that the immigration judge failed to consider alternatives to detention, after finding Petitioner a flight risk, as required under *Hernandez v. Sessions*. (ECF No. 11-8); 872 F.3d 976, 990 (9th Cir. 2017) (finding due process requires consideration of alternative conditions of release and failure to do so undermines the reasonableness of the relationship between detention and the government's legitimate interests). Indeed, "the government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez*, 872 F.3d at 994. Thus, even prior to losing their authority to detain Petitioner, there were significant questions as to whether Respondents had a legitimate interest in detaining Petitioner.

Respondents do not have authority to continuing detaining Petitioner under 8 U.S.C. § 1231(a)(6), thus his detention violates the Fifth Amendment Due Process Clause. *See Zadvydas*, 533 U.S. at 701.

//

//

//

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Petitioner's Motion to Proceed in forma pauperis (ECF No. 16) is GRANTED.
2. Respondents' Motion to Dismiss (ECF No. 11) is DENIED.
3. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.[8]
4. Respondents must IMMEDIATELY RELEASE Petitioner Walter Antonio M.S. (A# **213-163-048**) from custody under an order of supervision. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents must file a **notice of compliance** with this provision of the Order no later than **July 24, 2026**.
5. Respondents are ENJOINED from re-detaining Petitioner absent compliance with statutory and constitutional protections, including a minimum of seven-days' pre-deprivation notice and strict compliance with the requirements of 8 C.F.R. §§ 241.13(i), 241.4(l) or a pre-deprivation hearing before a neutral fact-finder where Respondents show by clear and convincing evidence that material changed circumstances demonstrate (a) a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. At any such hearing, Petitioner shall be allowed to have counsel present.
6. The Clerk of Court shall serve a copy of this Order on **California City** Detention Facility.
7. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: July 21, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

[8] Petitioner also seeks an award of attorney's fees and costs under the Equal Access to Justice Act. (ECF No. 1 at 17.) The Court will consider any timely filed request for fees and costs on a properly noticed and supported motion.